UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

 Melissa H. Kunig                                          N/A
    Deputy Clerk                                      Court Reporter

Attorneys Present for Plaintiffs:                  Attorneys Present for Defendant:

    Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [20]**

Before the court is Plaintiff Trustees of the Operating Engineers Pension Trust, Plaintiff Trustees of the Operating Engineers Health and Welfare Fund, Plaintiff Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Plaintiff Trustees of the Operating Engineers Training Trust, Plaintiff Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Plaintiff Engineers Contract Compliance Committee Fund, Plaintiff Southern California Partnership for Jobs Fund (collectively, "Plaintiffs") Motion for Default Judgment against Defendant Classic Street Sweeping LLC, ("Defendant").  (Dkt. 20 ("Motion" or "Mot.").)  The Motion is unopposed.  (*See generally* Dkt.)  The court held a hearing on this matter.  (Dkt. 25.)  Based on the record, as applied to the applicable law, the court **GRANTS** the Motion.

**I.      Background**

On December 21, 2023, Plaintiffs filed a Complaint against Defendant for breach of written collective bargaining agreement and violation of Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.  (*See* Dkt. 1 ("Compl.") ¶¶ 12-26.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

In summary, Plaintiffs allege the following.[1]  Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust ("Trustees") serve as trustees of five express trusts ("Trusts") created pursuant to written declarations of trust ("Trust Agreements").  (*Id.* ¶ 5.)  The Trust Agreements are between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada.  (*Id.*)

The Trusts are multiemployer trusts created and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186(c)(5).  (*Id.*)  Plaintiffs, "as Trustees of the Trusts," are fiduciaries with respect to the Trusts as defined by ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  (*Id.*)  Trustees administer the Trusts in Los Angeles County.  (*Id.*)

Plaintiff Engineers Contract Compliance Committee Fund "was established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness." (*Id.*)  "Plaintiff, Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by the employers and Local 12." (*Id.*)  "Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada [] representing employees in an industry affecting commerce within the meaning of § 301(a) of the [LMRA]." (*Id.* ¶ 6.)

Defendant is a California limited liability company registered in California with its principal place of business in Fullerton, California.  (*Id.* ¶ 7.)  Defendant is an "employer"

---

[1] For purposes of the Motion, the court accepts "the well-pled allegations in the complaint regarding liability" as true.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

within the meaning of ERISA § 3(5), 29 U.S.C § 1002(5), and is thus "obligated to make contributions to a multiemployer plan" pursuant to ERISA § 515, 29 U.S.C. § 1145. (*Id.* ¶¶ 11, 14.) Defendant is also an employer engaged in commerce in an industry affecting commerce as defined and used in LMRA §§ 301(A), 501(1), 501(3), 29 U.S.C. §§ 142(1), 142(3), 185(a). (*Id.* ¶ 11.)

On or about April 27, 2023, Defendant executed a collective bargaining agreement ("CBA") with Local 12, and Defendant agreed to be bound by the terms and conditions, with certain exceptions, of certain existing collective bargaining agreements between various multiemployer associations and Local 12. (*Id.* ¶ 8.) Notably, Defendant agreed to be bound by the Master Labor Agreement ("Master Agreement") between Local 12 and the Southern California Contractors Association, Inc. ("Association"). (*Id.*) On or about April 27, 2023, Defendant also signed written acknowledgments and acceptances of each of the Trust Agreements. (*Id.*)

Under the terms of the CBA, the Master Agreements, and related Trust Agreements, Defendant was obligated to: (1) "prepare and submit true, complete, and accurate written monthly contribution reports" ("Monthly Reports") to Plaintiffs identifying Defendant's employees performing work covered by the Master Agreement, the number of hours worked by those employees, and reporting fringe benefit contributions due to Defendant's employees; (2) "permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements;" and (3) "pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees." (*Id.* ¶ 15.)

Plaintiffs allege that Defendant "failed to submit signed Monthly Reports to the Plaintiffs for work performed by its employees during the months of April 2023 through present, and failed to pay the contributions due to the Trusts." (*Id.* ¶ 16.) Moreover, "Classic Street

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

Sweeping has failed and will continue to fail to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs." (*Id.* ¶ 17.) Defendant is in "breach" of the Master Agreement and related Trust Agreements in violation of § 515 of ERISA, 29 U.S.C. § 1145. (*Id.* ¶ 19.) In addition to unpaid fringe benefits, Plaintiffs seek liquidated damages, interest, attorneys' fees, costs, a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as authorized by the Master Agreement, related Trust Agreements, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). (*Id.* ¶¶ 21-26, Prayer for Relief.)

## II.    Legal Standard

### A.    Procedural Requirements for Default Judgment

A party seeking a default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules. *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Under Federal Rule of Civil Procedure 55(b), a party may only seek a default judgment from the court following an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). Additionally, the "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The party also must comply with Local Rule 55-1 by submitting a declaration alongside the motion for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                     Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

L.R. 55-1.

### B.    Substantive Requirements to Grant Default Judgment

Where a party seeking default judgment meets the procedural requirements, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal quotation marks and citations omitted)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

### III.    Discussion

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

### A.    Subject Matter Jurisdiction, Personal Jurisdiction, and Service

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

In this case, the court finds Plaintiffs have adequately demonstrated subject matter jurisdiction, personal jurisdiction, and service. First, the court has subject matter jurisdiction over this case pursuant to 29 U.S.C. §§ 185(c) and 1132(e). *See* 29 U.S.C. § 185(c) ("For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."); *id.* § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the or by a participant, beneficiary, fiduciary, or any referred to in section 1021(f)(1) of this title.").

Second, the court may exercise general personal jurisdiction over Defendant because Defendant is a limited liability corporation registered in California with its principal place of business in Fullerton, California. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.") (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)); *Protiviti Inc. v. Protiviti LLC*, 2024 WL 2967321, at *3 (C.D. Cal. June 12, 2024) ("The Court is satisfied that it has personal jurisdiction over Protiviti LLC because it is a California limited liability company with its principal place of business in Long Beach, California."). Third, Plaintiffs properly served Defendant in accordance with Federal Rule of Civil Procedure 4 and California Code of Civil Procedure § 416.10. *See* Fed. R. Civ. P. 4(e); 4(h); Cal. Civ. Proc. Code § 416.10(a)-(b). Plaintiffs filed an affidavit from a process server

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

indicating the process server personally served Defendant's Manager, Camerina Arellano.  (*See*
Dkt. 10; Dkt. 23-2 at 3 (copy of Collective Bargaining Agreement between Defendant and
International Union of Operating Engineers Local Union No. 12, listing Camerina Arellano as
manager of Defendant).)  Accordingly, the court concludes that it has subject matter jurisdiction
over Plaintiffs' claims and may exercise personal jurisdiction over Defendant.

### B.    Procedural Requirements

The court finds Plaintiffs have met the procedural requirements for default judgment
under Local Rule 55-1.  The declaration of Plaintiffs' counsel, Diana Nguyen, indicates that the
Clerk entered default against Defendant as to the Complaint on March 27, 2024.  (Dkt. 24
("Nguyen Decl.") ¶ 10; *see also* Dkt. 16.)  The declaration also states that Defendant is a not a
minor or incompetent person or a person protected by the Servicemembers Civil Relief Act, 50
U.S.C. App. § 521.  (Nguyen Decl. ¶ 11.)

Finally, Plaintiffs' requested relief does not differ in kind or exceed in amount the relief
requested in the Complaint.  *See* Fed. R. Civ. P. 54(c).  In the Complaint, Plaintiff seeks unpaid
fringe benefit contributions, liquidated damages, prejudgment interest, attorneys' fees, and
costs.  (Compl., Prayer for Relief.)  In the Motion, Plaintiffs request "attorneys' fees [] and
costs [] plus post-judgment interest at the statutory rate.  Plaintiffs also seek an order requiring
Defendant's compliance with an audit to determine the amount due to Plaintiffs in fringe benefit
contributions, prejudgment interest, and liquidated damages." (Mot. at 14-15.)  Plaintiffs attest
that the audit is required to "determine the amount of fringe benefit contributions owed on
behalf of Defendant's employees performing work covered by the Master Agreement." (Mot. at
2.)  Accordingly, the court concludes Plaintiffs have satisfied the procedural requirements for
default judgment and proceeds to the *Eitel* factors.

### C.    Application of the *Eitel* Factors

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                              Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

1.    Possibility of Prejudice to Plaintiffs

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Defendant has not answered or otherwise participated in the suit. (*See generally* Dkt.) Thus, Plaintiffs will likely suffer prejudice absent a default judgment because Plaintiffs will "be without other recourse for recovery." *PepsiCo*, 238 F. Supp. 2d at 1177; *see also Bd. of Trs. v. Arena Cleaners USA Inc.*, 2022 WL 3137923, at *4 (N.D. Cal. June 13, 2022) ("Plaintiffs will suffer prejudice if the court does not enter a default judgment against [Defendant] because Plaintiffs otherwise have no means to . . . recover any unpaid contributions to which they are entitled under the agreements."). Accordingly, the court concludes the first *Eitel* factor weighs in favor of granting default judgment.

2.    The Merits of Plaintiffs' Substantive Claim and the Sufficiency of the Complaint

With respect to the second and third *Eitel* factors, the court considers the substantive merits of Plaintiffs' claims and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to the second and third factors] is whether the allegations in the complaint are sufficient to state a claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("[T]he merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). In performing this analysis, the court accepts all well-pleaded allegations regarding liability as true. *See Fair Hous. of Marin*, 285 F.3d at 906.

As discussed above, Plaintiffs allege Defendant breached the CBA and violated 29 U.S.C. § 1145. (*See* Compl. ¶¶ 12-26.) The court assesses the sufficiency of each claim in turn.

a.    *Breach of Written Collective Bargaining Agreement*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024

Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

"The LMRA provides that breaches of collective bargaining agreements are actionable in federal court."  *Trs. of S. Cal. Bakery Drivers Sec. Fund v. Middleton*, 474 F.3d 642, 647 (9th Cir. 2007) (citing 29 U.S.C. § 185(a)).  Under the LMRA, a claim for breach of a written collective bargaining agreement functions as a "a straightforward breach of contract" claim. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983) (citing *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966)); *see also Trs. of S. Cal. IBEW-NECA Pension Plan v. Servitek Solutions, Inc.*, 2022 WL 17370529, at *3 (C.D. Cal. Aug. 10, 2022) ("To state a claim for breach of a written collective bargaining agreement, Plaintiffs must allege elements similar to that of a common law breach of contract claim.") (citation omitted).  Under California law, the elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968)).

The court finds Plaintiffs have adequately alleged a claim for breach of the collective bargaining agreements.  First, Plaintiffs allege both the existence and terms of the CBA, Master Agreement and Trust Agreements and Defendant's consent to those agreements.  (Compl. ¶¶ 8-9.)  Second, Plaintiffs allege Defendant was obligated to submit Monthly Reports, pay monthly fringe benefit contributions, and allow payroll audits pursuant to Agreement's, Master Agreement's, and Trust Agreements' terms.  (*Id.* ¶ 15.)  Third, Plaintiffs allege Defendant breached the CBA, Master Agreements, and Trust Agreements by failing to pay all requisite fringe benefit contributions or submit the required Monthly Reports.  (*Id.* ¶¶ 16-20.)  Fourth, Plaintiffs allege they suffered damages as a result of the breach, including unpaid fringe benefits, liquidated damages, attorneys' fees, litigation expenses, and costs.  (*Id.* ¶¶ 21-26.)  Thus, the court concludes Plaintiffs adequately pleaded a claim for breach of the written collective bargaining agreements and related trust agreements.

        b.     *Violation of 29 U.S.C. § 1145*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

29 U.S.C. § 1145 "provides a federal cause of action to enforce pre-existing obligations
created by collective bargaining agreements."  *Trs. of Screen Actors Guild-Producers Pension
& Health Plans v. NYCA, Inc.*, 572 F.3d 771, 776 (9th Cir. 2009).  Section 1145 mandates that
"[e]very employer who is obligated to make contributions to a multiemployer plan under the
terms of the plan or under the terms of a collectively bargained agreement . . . make
contributions in accordance with the terms and conditions of such plan or such agreement."  29
U.S.C. § 1145.  To adequately plead a violation of 29 U.S.C. § 1145, Plaintiffs must sufficiently
allege: "(1) the trust fund is a multiemployer plan; (2) the defendant is an employer obligated to
pay contributions under the terms of the plan; and (3) defendant failed to pay contributions in
accordance with the plan."  *Trs. of Eighth Dist. Pension Fund v. Gietzen Elec. Inc.*, 898 F.
Supp. 2d 1193, 1198 (D. Idaho 2012) (citation omitted).

The court finds Plaintiffs have adequately alleged a violation of 29 U.S.C. § 1145.  First,
Plaintiffs allege the trusts at issue are multiemployer plans as defined by 29 U.S.C. § 1002(37)
by stating that multiple unions and employers contribute to the Trusts pursuant to collective
bargaining agreements between the organizations and employers.  (*See* Compl. ¶ 5; Dkt. 23
("Ramos Decl.") ¶ 5, Ex. A (Agreement Establishing the Operating Engineers Pension Trust).)
Second, Plaintiffs allege Defendant entered into the CBA, which bound Defendant to the
Master Agreement, and Trust Agreements, which require Defendant to submit fringe benefit
and other contributions, as well as Monthly Reports regarding the requisite contributions, on a
monthly basis.  (*See* Compl. ¶¶ 8-9, 15; Ramos Decl. ¶¶ 8-10, 12-13, Exhs. A-D.)  Third,
Plaintiffs allege Defendant failed to make all requisite fringe benefit contributions or submit
Monthly Reports between April 2023 to present.  (*See* Compl. ¶¶ 15-17.)  Thus, the court
concludes Plaintiffs sufficiently stated a claim for a violation of 29 U.S.C. § 1145.  *See, e.g.*,
*Trs. of S. Cal. IBEW-NECA Pension Plan v. Hackney*, 2021 WL 1577785, at *4 (C.D. Cal. Apr.
19, 2021) (finding plaintiffs sufficiently plead section 1145 claim for purposes of *Eitel* factors
where: (1) the trusts qualified as multiemployer plans; (2) defendant was obligated to make
fringe benefit contributions per collective bargaining agreement; (3) and defendant failed to

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                           Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

make the contributions); *Trs. of S. Cal. IBEW-NECA Pension Plan v. Pro Tech. Eng'rs Corp.*,
2017 WL 10573806, at *3 (C.D. Cal. Aug. 28, 2017) (same).

In sum, the court finds Plaintiffs adequately alleged the existence of the CBA, Master
Agreement, and related Trust Agreements and a violation of 29 U.S.C. § 1145. Therefore, the
court concludes the second and third *Eitel* factors weigh in favor of entering default judgment.

3.   Sum of Money at Stake

The fourth *Eitel* factor considers "the amount of money at stake in relation to the
seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This *Eitel* factor
"requires a comparison of the recovery sought and the nature of defendant's conduct to
determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015
WL 4545360, at *6 (C.D. Cal. May 27, 2015). "When the sum of money at stake in the
litigation is substantial or unreasonable, default judgment is discouraged." *Yelp Inc. v. Catron*,
70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (quoting *Bd. of Trs. v. Core Concrete Constr., Inc.*,
2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012)).

Plaintiffs seek a total of $19,674.96, which consists of $18,857.96 in attorneys' fees
(including litigation expenses) and $817.00 in costs, plus post-judgment interest at the statutory
rate. (Mot. at 14-15.) Plaintiffs state that "Defendant has the primary responsibility to calculate
and report the amount of fringe benefit contributions due each month" through "monthly
reports." (Ramos Decl. ¶ 13.) Plaintiffs produced evidence documenting Defendant's
delinquent benefit contributions and Monthly Reports. (*See, e.g.*, Ramos Declaration ¶ 16
("Defendant failed to submit monthly reports and failed to submit payment of any and all
corresponding fringe benefit contributions owed to Plaintiffs related to work performed during
the months of April 2023 through the present in breach of the Master Agreement and Trust
Agreements."), Ex. E ¶ 2 ("Any employer who fails to pay contributions to the Fund Office on
or before the Delinquency Date, issues a non-sufficient funds check, fails to submit timely
reports to the Fund Office, or fails to produce records for an audit when requested, will be

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

considered delinquent.").)  Plaintiff also produced evidence that the Master Agreement requires delinquent employers to pay "for all legal expenses, including attorney fees."  (Mot. at 3 (citing Ramos Decl., Ex. C, Art. XXI ¶ H); *see also* Ramos Decl., ¶ 11 ("Plaintiffs have adopted a collection policy that requires delinquent employers, like Defendant, to pay [] reasonable attorneys' fees and costs.") (citing Ramos Decl, Ex. E ("Operating Engineers Trust Funds Joint Contribution Committee Collection Policy & Procedures).)

Based on Plaintiffs' allegations that Defendant is contractually obligated to pay the requested damages, and Plaintiffs' evidence substantiating these the requested relief,[2] the court finds the Plaintiffs' requested relief is directly proportional to Defendant's misconduct, i.e., breach of the Master Agreements and related Trust Agreements.  *See, e.g.*, *Bd. of Trs. of Cal. Ironworkers Field Pension Tr. v. Paz-Fairfax Steel, Inc.*, 2023 WL 3333639, at *4 (C.D. Cal. Mar. 28, 2023) (finding this factor weighed in favor of default judgment where Plaintiffs sought $192,633.14 in damages under ERISA because that sum "reflects no more than the amount Defendant owes for its breach[] and . . . is thus directly proportional to the gravity of Defendant's breach"); *Pro Tech Eng'g Corp.*, 2017 WL 10573806, at *3 (finding award of $88,397.73, consisting of "$54,391.26, interest of $7,006.98 on the unpaid contributions, liquidated damages of $10,878.24, and audit fees of $16,121.20" under 29 U.S.C. § 1132(g), weighed in favor of default judgment because damages were proportional to the harm caused by Defendant's breach of the collective bargaining agreement); *Rybkin*, 2022 WL 16949654, at *3 ("The sum of money at stake is $34,475.12 and supported by Defendant's obligations under the agreements as well as Plaintiff's audit of Defendant's contributions.").  Accordingly, the court finds the fourth factor weighs in favor of granting default judgment.

---

[2] The court incorporates by reference the damages analysis conducted in section III.D, *infra*.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                          Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

### 4.    Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the
case." *PepsiCo*, 238 F. Supp. 2d at 1177.  "The general rule is that a defaulting party admits the
facts alleged in the complaint as true." *Constr. Laborers Tr. Funds for S. Cal. v. Anzalone
Masonry Inc.*, 316 F. Supp. 3d 1192, 1202 (C.D. Cal. 2018).  Thus, "[w]here a plaintiff has filed
a well-pleaded complaint, the possibility of a dispute concerning material facts is remote."
*Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citing
*Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921-22 (C.D. Cal. 2010)).  As
discussed with respect to the second and third *Eitel* factors, the court finds Plaintiffs "filed a
well-pleaded complaint alleging the facts necessary to establish its claims." *Phillip Morris
USA, Inc. v. Castworld Prod. Inc*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Thus, the court
concludes there is little possibility of a dispute over material facts and the fifth *Eitel* factor
weighs in favor of granting default judgment.

### 5.    Whether Default Was Due to Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable
neglect." *PepsiCo*, 238 F. Supp. 2d at 1177.  Where a defendant is "properly served with the
Complaint, the notice of entry of default, as well as the papers in support of the instant motion,"
the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v.
Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).  In this case, Plaintiffs properly served
Defendant on February 28, 2024.  (Dkt. 10.)  Given that Plaintiffs properly served Defendant
with the pleadings and subsequently mailed Defendant the Motion, (*see* Dkt. 20-2), the court
finds insufficient evidence suggesting Defendant's default resulted from excusable neglect.  *See
Globe Ent. & Media, Corp. v. Global Images, USA*, 2022 WL 2703845, at *5 (C.D. Cal. July
11, 2022) (finding possibility of excusable neglect was "remote" where defendant was served
with pleadings and motion for default judgment).  Thus, the court concludes that the sixth *Eitel*
factor weighs in favor of entering default judgment.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                         Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

6.    Policy Favoring Decision on the Merits

Under the seventh *Eitel* factor, the court considers "the strong policy favoring decisions on the merits." *Globe Ent.*, 2022 WL 2703845, at \*5; *see also Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at \*3 (N.D. Cal.1996)). "[W]here a defendant's failure to appear and respond makes a decision on the merits impractical, if not impossible, default judgment is appropriate" notwithstanding "the strong policy presumption in favor of a decision on the merits." *Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc.*, 2017 WL 6496434, at \*5 (C.D. Cal. Dec. 18, 2017) (quoting *Eitel*, 782 F.2d at 1472) (internal quotation marks omitted). Here, given that Defendant has failed to appear or answer the Complaint, the court finds a decision on the merits is "impractical, if not impossible." *Id.*; (*See generally* Dkt.) Accordingly, the court concludes that this factor weighs in favor of an entry of default judgment.

7.    Summary of the *Eitel* Factors

On balance, the court concludes the *Eitel* factors favor an entry of default judgment and thus **GRANTS** the Motion.

**D.    Plaintiffs' Requested Relief**

After determining liability, the court must assess Plaintiffs' requested relief. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys.*, 826 F.2d at 917-18. The plaintiff bears "the burden of proving damages through testimony or written affidavit." *Bd. of Trs. Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

Under ERISA, an employee benefit plan that obtains judgment in its favor in an action brought pursuant to 29 U.S.C. § 1145 is entitled to the following relief:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Moreover, the Master Agreement provides:

> All signatory Employers found to be delinquent shall pay for all legal expenses, including attorney fees, and auditing costs in connection with such delinquency, plus liquidated damages in the amount of Twenty-Five Dollars ($25.00) or ten percent (10%) of the total sum of the contributions, whichever is greater, to the Trust Fund to which the delinquent contributions were owed.

Ramos Decl., Ex. C, Art. XXI, ¶ H.

As discussed above, Plaintiffs request a total monetary judgment of $19,674.96, consisting of $18,857.96 in attorneys' fees (including litigation expenses) and $817.00 in costs. (Mot. at 14-15.) Plaintiffs also request "an order requiring Defendant's compliance with an audit to determine the amount due to Plaintiffs in fringe benefit contributions, prejudgment interest, and liquidated damages." (*Id.*)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

    1.  <u>Audit</u>

"Plaintiffs [] seek an order requiring Defendant's compliance with an audit to determine the amount due to Plaintiffs in fringe benefit contributions, prejudgment interest, and liquidated damages." (*Id.*) Plaintiffs attest that Defendant "has the primary responsibility to calculate and report the amount of fringe benefit contributions due each month" through "monthly reports." (Ramos Decl. ¶¶ 13, 16.) "Defendant also agreed to permit the Trusts to conduct audits of Defendant's payroll and other business records to ensure Defendant's compliance with the Master Agreement." (Ramos Decl. ¶ 12 (citing Ramos Decl., Ex. A, Art. III, § 6; Ex. C, Art. XXI, § E).) Plaintiffs produced evidence documenting that Defendant did not produce Monthly Reports since April 2023. (*See, e.g.*, *id.* ¶ 16 ("Defendant failed to submit monthly reports and failed to submit payment of any and all corresponding fringe benefit contributions owed to Plaintiffs related to work performed during the months of April 2023 through the present in breach of the Master Agreement and Trust Agreements."), Ex. E ¶ 2 ("Any employer who fails to pay contributions to the Fund Office on or before the Delinquency Date, issues a non-sufficient funds check, fails to submit timely reports to the Fund Office, or fails to produce records for an audit when requested, will be considered delinquent.").)

The court finds that Defendant is contractually obligated to, and has failed to, submit Monthly Reports and comply with an audit as requested by Plaintiffs. Accordingly, the court finds that Plaintiff is entitled to an order requiring Defendant's compliance with an audit to determine the amount owed by Defendants in fringe benefit contributions, prejudgment interest, and liquidated damages. *See, e.g.*, *Cent. California IBEW/NECA Pension Tr. v. Ozzimo Elec., Inc.*, 2014 WL 1245059, at *4 (N.D. Cal. Mar. 25, 2014) ("Plaintiffs make a strong showing on the merits of their claim for an injunction that requires Ozzimo to submit to a payroll audit and provide supporting documentation [because] [t]he Pension Trust Agreement obligates Ozzimo to submit to the audit."); *Trustees of S. California Ibew-Neca Pension Plan v. Quality First, Inc.*, 2011 WL 13225043, at *2 (C.D. Cal. Mar. 1, 2011) (granting an injunction compelling defendant to produce documents for an audit to determine to total amount of damages where

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                         Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

"Trustees have adequately alleged that [defendant] is an employer within the meaning of ERISA, [], that [defendant] is obligated to make fringe benefit contributions according to the terms of the collective bargaining agreement, and that [defendant] has failed to pay those contributions").

### 2.    Unpaid Contributions

Under the Master Agreement, Defendant was required to "report and pay fringe benefit contributions to Plaintiffs for each hour worked by or paid to each of its employees who performs any work covered by the Master Agreement." (Ramos Decl. ¶ 12 (citing Ramos Decl., Ex. C, Art. VIII, § A, Art. IX, § A, Art. X, § A, Art. XI, § A, Art. XII, § A, Art. XIII, § A, Art. XIV, § A, Art. XV, § A, Art. XVI, § A, and Appendix F).) Defendant failed to submit payment on fringe benefit contributions owed to Plaintiffs for work performed from April 2023 through the present. (*See, e.g.*, Ramos Declaration ¶ 16.) Plaintiffs do not request a specific amount of unpaid contributions but contend that "[u]nless and until Defendant submits the missing monthly reports and/or provides documents needed to conduct an audit [], Plaintiffs are unable to determine the amount of fringe benefit contributions owed on behalf of Defendant's employees performing work covered by the Master Agreement." (Mot. at 2.) As discussed in Section III.D.1, *supra*, the court grants Plaintiffs an order requiring Defendant to produce documents Plaintiffs need to conduct an audit to determine the amount of unpaid contribution benefits from April 2023 to present.

### 3.    Prejudgment Interest

"Plaintiffs have adopted the Operating Engineers Trust Funds Joint Contribution Committee Collection Policy & Procedures [] that requires delinquent employers, like Defendant, to pay [] interest [on unpaid fringe benefit contributions] assessed at 8% per annum . . . ." (Mot. at 5 (citing Decl. Ramos, Ex. E).) Plaintiffs calculate interest on unpaid fringe benefit contributions from the date Defendant became delinquent through the date paid. (*Id.*; *see also* Ramos Decl. ¶ 17 ("Interest owed for the unpaid fringe benefit contributions due for the work performed during the work months of April 2023 through the present, calculated at 8%

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                              Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

per annum pursuant to the Collection Policy, will be ascertained through monthly reports and/or Defendant's business records needed to perform the [] audit [] to determine the exact amounts owed to Plaintiffs.").)  Plaintiffs do not request a specific amount of prejudgment interest, but an "an order requiring Defendant's compliance with an audit to determine the amount due to Plaintiffs in [] prejudgment interest . . . ."  (Mot. at 15.)  As discussed in Section III.D.1, *supra*, the court grants the Plaintiffs an order requiring Defendant to produce documents Plaintiffs need to conduct an audit to determine the amount of prejudgment interest.

4.    Liquidated Damages

Pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to liquidated damages if: "(1) the fiduciary obtains a judgment in favor of the plan; (2) unpaid contributions exist at the time of the suit; and (3) the plan provides for liquidated damages."  *Hackney*, 2021 WL 1577785, at *6 (citing *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989)).  If a plaintiff meets these requirements, an award of liquidated damages under 29 U.S.C. § 1132(g)(2) is "mandatory and not discretionary."  *Operating Eng'rs Pension Tr. v. Beck Eng'g & Surveying Co.*, 746 F.2d 557, 569 (9th Cir. 1984) (citing 29 U.S.C. 1132(g)(2)).  The court must then award liquidated damages equivalent to "the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions.  29 U.S.C. § 1132(g)(2)(C).

The court finds Plaintiffs are entitled to liquidated damages.  Here, the court has determined it is appropriate to enter judgment in favor of Plaintiffs, *see* Section III.C.7, *supra*. In addition, Plaintiffs' evidence demonstrates that Defendant owed outstanding fringe benefit contributions at the time this action was initiated and that the Master Agreements and Trust Agreements authorize an award of liquidated damages.  (*See* Ramos Decl. ¶¶ 11-12, 16, 18.) The Master Agreement and Collection Policy and Procedures authorize liquidated damages "assessed at the greater of $25.00 per month, ten percent (10%) of the unpaid contributions, or interest on the unpaid contributions pursuant to 29 U.S.C. §1132(g)(2), to the respective Trusts to which the delinquent contributions."  (*See id.* ¶ 18 (citing *id.* Ex. C, Article XXI ¶ H, Ex. E, §

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                              Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

2).)  Plaintiff does not request a specific amount of liquidated damages, but an "an order requiring Defendant's compliance with an audit to determine the amount due to Plaintiffs in [] liquidated damages . . . ."  (Mot. at 15.)  As discussed in Section III.D.1, *supra*, the court grants the Plaintiffs' an order requiring Defendant to produce documents needed by Plaintiffs to conduct an audit to determine the amount of liquidated damages.

5.    <u>Attorneys' Fees</u>

Plaintiffs request $18,857.96 in attorneys' fees calculated pursuant to the lodestar method.  (Mot. at 7-9, 14-15.)  29 U.S.C. § 1132(g)(2) authorizes "reasonable attorney's fees and costs of the action, to be paid by the defendant."  29 U.S.C. § 1132(g)(2)(D).  "The awarding of attorney's fees and costs is mandatory following a finding of an ERISA violation." *Constr. Laborers Tr. Fund for S. Cal. Admin. Co.*, 316 F. Supp. 3d at 1201 (citing 29 U.S.C. § 1132(g)(2)).

"If a party seeks a fee 'in excess of' [the Central District's fee] schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018).  The Ninth Circuit uses the two-step lodestar method for calculating reasonable attorneys' fees. *Id.*  At step one, the district court calculates the lodestar by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins., Co.*, 480 F.3d 942, 945 (9th Cir. 2007).  At step two, "the district court may then adjust the lodestar upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)) (internal quotation marks and alternation omitted).  District courts possess broad discretion "in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Hensley v. Eckerhart*, 461 U.S. 424, 437

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                     Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

(1983).  The party seeking fees bears the burden of establishing their reasonableness.  *See Welch*, 480 F.3d at 945-56 (citing *Hensley*, 461 U.S. at 437).

a.    *Hourly Rates*

Plaintiffs provide the declaration of Plaintiffs' counsel, Diana Nguyen, in support of the fee request.  (*See generally* Nguyen Decl.)  Ms. Nguyen's declaration indicates the firm staffed three attorneys, including an associate with a little over three years of experience billing at $240.00 and $265.00 per hour, a partner with over twenty-three years of experience billing $390.00 and $430.00 per hour, and a partner with over twenty years of experience billing $390.00 and $430.00 per hour, as well as two paralegals, one with over twenty-five years of experience and the other with over seven years of experience, each billing at $110.00 and $120.00 per hour.  (Nguyen Decl. ¶¶ 3, 5.)

"[T]he district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount."  *Gonzalez*, 729 F.3d at 1205 (citing *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006)).  "'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.'"  *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).  "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citation and internal quotation marks omitted).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases . . . are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The court may also draw on its "own knowledge and experience" in setting a reasonable hourly rate.  *Id.*

The court finds Plaintiffs have sufficiently demonstrated counsel's requested rates are reasonable.  The declaration of Ms. Nguyen details the qualifications of the attorneys and

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                          Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

paralegals involved and the Motion references several cases where courts in the Central District awarded comparable, or greater, rates to attorneys with similar experience prosecuting ERISA actions.  (Nguyen Decl. ¶ 5; Mot. at 7-8.)  The declaration of Ms. Nguyen also details the time and labor required, the novelty and difficulty of the questions presented, skill required, notice and length of professional relationship with the client, and preclusion of other employment. (Nguyen Decl. ¶ 5.)  In addition, Plaintiffs provided the declaration of Igal Khoshlesan, a certified public accountant, attesting to the reasonableness of the attorneys' and the paralegals' hourly rates within this district.  (*See* Dkt. 22 ("Khoshlesan Decl.") ¶¶ 4-6.)  Accordingly, the court concludes both the attorneys' and the paralegals' hourly rates are commensurate with prevailing community rates for ERISA actions in the Central District and are reasonable.  *See, e.g.*, *Welch*, 480 F.3d at 947 (concluding "the requested fees of $375 and $400 per hour were established as being in line with prevailing community rates"); *Fadul*, 2022 WL 2288022, at *7 (finding rates of $290 to $390 for counsel and $120 for a paralegal reasonable for ERISA cases in the Central District); *Hackney*, 2021 WL 1577785, at *7 (finding rates of $300 to $390 for attorneys and $120 for paralegals reasonable for ERISA cases in the Central District); *Trs. of the S. Cal. IBEW-NECA Pension Plan v. Arce*, 2022 WL 1620200, at *7 (C.D. Cal. May 23, 2022) (finding rates of $200 to $390 for attorneys and $120 for paralegals reasonable for ERISA cases in the Central District).

                    b.    *Hours Expended*

        The district court also must "independently review" a party's fee request to determine the number of hours reasonably expended.  *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).  A "reasonable" number of hours is an amount that "could reasonably have been billed to a private client."  *Gonzalez*, 729 F.3d at 1202 (quoting *Moreno*, 534 F.3d at 1111).  If the court determines records submitted by a prevailing party contain entries for "excessive, redundant, or otherwise unnecessary" hours, *Ingram*, 647 F.3d at 926 (quoting *Hensley*, 461 U.S. at 434), the court may exclude them either by (1) "conduct[ing] an hour-by-hour analysis of the fee request and exclude those hours for which it would be unreasonable to compensate the prevailing

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                                Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

party"; or (2) "when faced with a massive fee application[,] the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application," *Gonzalez*, 729 F.3d at 1202.

In this case, counsel billed 71.00 total hours of work—53.9 hours attributable to the attorneys and 17.1 hours attributable to the paralegals.  (Nguyen Decl. ¶ 3, Exh. A.)  Ms. Nguyen also provided billing records detailing the tasks performed by each attorney or paralegal.  (*See id.*, Exh. A.)  The court has thoroughly reviewed the Nguyen Declaration and the attached billing records and finds the billing records do not contain duplicative, excessive, or unnecessary hours.  *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  Therefore, the court finds the 71.00 hours expended on this matter reasonable.  *See, e.g.*, *Constr. Laborers Tr. Funds for S. California Admin. Co. v. Precision Masonry Builders, Inc*, 2018 WL 1406604, at *11 (C.D. Cal. Mar. 19, 2018) (finding 118.6 hours of work by attorney and paralegal on ERISA default judgment reasonable); *Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Sinnock*, 2021 WL 1817056, at *9 (N.D. Cal. May 6, 2021) (finding 98.60 hours of work by attorneys and paralegals on ERISA default judgment reasonable).

Plaintiffs also seek attorneys' fees of $795.00 for the hearing on this matter, calculated at a rate of $265.00 for 3 hours.  (Nguyen Decl. ¶ 4.)  The docket reflects that Diana Nguyen appeared on behalf of Plaintiffs for the hearing on this matter, which lasted 42 minutes.  (Dkt. 25.)  Accordingly, the court awards an additional $185.50 in attorneys' fees, consisting of Ms. Nguyen's hourly rate of $265, (Nguyen Decl. ¶¶ 3-4), multiplied by the 0.7 hours spent at the hearing.

In sum, the reasonable hourly rates and hours expended by counsel are as follows:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                              Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

| Attorney/Paralegal | Reasonable Rate | Reasonable Hours | Total |
|---|---|---|---|
| Marija K. Decker | $390.00 | .5 | $195.00 |
| Marija K. Decker | $430.00 | 11.5 | $4,945.00 |
| Susan G. Lovelace[3] | $390.00 | 2.3 | $897.00 |
| Diana Nguyen | $240.00 | 14.1 | $3,384.00 |
| Diana Nguyen | $265.00 | 26.2 | $6,943.00 |
| Kimberly A. Morrison | $110.00 | 1.2 | $132.00 |
| Kimberly A. Morrison | $120.00 | 6.5 | $780.00 |
| Kelsey J. Brown | $110.00 | 4.2 | $462.00 |
| Kelsey J. Brown | $120.00 | 5.2 | $624.00 |
| Lodestar amount: | | | $18,362.00 |

The court concludes the lodestar amount equals $18,362.00.

c.    <em>The</em> Johnson/Kerr <em>factors</em>

After calculating the lodestar, the court "'may then adjust [the lodestar] upward or downward based on' twelve factors identified in *Hensley*."[4]  *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (alteration in original) (quoting *Moreno*, 534 F.3d at 1111).  The twelve factors are:

---

[3] The court observes that Plaintiffs assert Ms. Lovelace billed at "$390.00 and $430.00 per hour," (Nguyen Decl. ¶ 3), but that the billing records provided by Plaintiffs indicate that Ms. Lovelace only billed at $390.00 per hour for this matter.  *See generally id.*, Ex. A.
[4] In the Ninth Circuit, these twelve factors are referred to as the "*Kerr* factors," in reference to *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), the case in which the Circuit first adopted them.  *Klein*, 810 F.3d 693, 698 n.5.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of
> the case; (5) the customary fee; (6) whether the fee is fixed or
> contingent; (7) time limitations imposed by the client or the
> circumstances; (8) the amount involved and the results obtained; (9) the
> experience, reputation, and ability of the attorneys; (10) the
> "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar
> cases.

*Hensley*, 461 U.S. at 430 n.3; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557, 112 (1992).

In this case, the court finds the *Johnson/Kerr* factors, addressed by counsel in the Nguyen Declaration, and analyzed by the court, do not warrant any enhancement or reduction in the requested fees.  (*See generally* Nguyen Decl. ¶ 5.)  Accordingly, the court awards Plaintiffs $18,362.00 in attorneys' fees without further adjustment.

d.    <em>Litigation Expenses</em>

Plaintiffs also request an award of $681.46 in litigation expenses, attributable to costs of printing and delivering chambers courtesy copies and online research fees.  (Nguyen Decl. ¶ 6.)  "'[R]easonable attorney's fees' include litigation expenses only when it is 'the prevailing practice in a given community' for lawyers to bill those costs separately from their hourly rates."  *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Insurance Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (quoting *Jenkins*, 491 U.S. at 286-87).

In this case, Plaintiffs provided an invoice of their litigation expenses and several declarations attesting that billing separately for costs stemming from printing, scanning, postage

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

expenses, and online research fees is the "standard practice" in Southern California law firms representing multi-employer trust funds.  (*See* Nguyen Decl. ¶ 6, Exh. B; Khoshlesan Decl. ¶ 6.)  Based on the record, the court finds Plaintiffs have sufficiently demonstrated that the litigation expenses they seek are recoverable as part of an attorney fee award.  *See, e.g.*, *Harlow v. Metro. Life Ins. Co.*, 379 F. Supp. 3d 1046, 1060 (C.D. Cal. 2019) (stating "costs relating to the filing fee, service of process[,] certain photocopies, and subpoena fees" are recoverable as attorneys' fees in an ERISA action); *Hackney*, 2021 WL 1577785, at *7 (awarding litigation expenses consisting of $149.35 in online research costs and $3.75 in copying in ERISA action seeking default judgment); *Arce*, 2022 WL 1620200, at *7 (awarding litigation expenses of $118.39 because plaintiffs' declarations demonstrated that billing those expenses separately was the prevailing practice in the community).  Accordingly, the court also awards Plaintiffs $681.46 in litigation expenses, for a total of $19,043.46 in attorneys' fees.

    6.    Costs

    Plaintiffs request $817.00 in costs attributable to the civil filing fee and service fees.  (*See* Nguyen Decl. ¶ 6, Ex. B.)  As discussed above, 29 U.S.C. § 1132(g)(2) mandates that the court award "reasonable attorney's fees and costs of the action" where a plan prevails in an ERISA action.  29 U.S.C. § 1132(g)(2)(D); *see also* Fed. R. Civ. P. 54(d)(1); L. R. 54-1 (stating the prevailing party, or "the party in whose favor judgment is entered," is entitled to costs).  Courts may award "taxable costs" such as: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for necessarily obtained exemplification and copying costs; (5) docket fees; and (6) compensation of court appointed experts and interpreters.  28 U.S.C. § 1920; *see also* L. R. 54-3.  In addition, if a statute's fee shifting provision permits recovery of reasonable attorney's fees, the court has discretion to award non-taxable costs to the prevailing party.  *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010).

    Plaintiffs, as the party awarded default judgment, are the prevailing party and thus may recover costs associated with the civil filing fee and service of process pursuant to 29 U.S.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

§ 1132(g)(2)(D), Federal Rule of Civil Procedure 54(d), and Local Rules 54-3.1 and 54-3.2. *See* L. R. 54-3.1 & 54-3.2 ("Reasonable fees for service of process under F.R. Civ. P. 4 . . . are taxable, including reasonable fees for research, surveillance, wait time, and parking incurred in connection with service."). Accordingly, the court awards Plaintiffs $817.00 in costs. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs."); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (stating the court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party").

### 7.   Post-Judgment Interest

Finally, Plaintiffs request "post-judgment interest as provided by law from the date of entry of the judgment herein." (Mot. at 17.) "Because 'ERISA does not expressly address the availability of post-judgment interest . . . the federal post-judgment statute, 28 U.S.C. § 1961, governs.'" *Hackney*, 2021 WL 1577785, at *7 (citation omitted). 28 U.S.C. § 1961 mandates an award of post-judgment interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *Id.* Because Plaintiffs recovered a money judgment in a civil case, the court concludes Plaintiffs are entitled to post-judgment interest under 28 U.S.C. § 1961. The court awards Plaintiffs post-judgment interest calculated at the rate prescribed by 28 U.S.C. § 1961 from the date judgment is entered until the judgment is paid in full.

## IV.   Disposition

For the reasons stated above, the Motion is **GRANTED**. The court awards Plaintiffs $19,043.46 in attorneys' fees, including litigation expenses (consisting of $18,362.00 in attorneys' fees and $681.46 in litigation expenses); $817.00 in costs; and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 from the date judgment is entered until the judgment is paid in full. The court **ORDERS** Defendants to make available to Plaintiffs **by October 10,**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02429-FWS-JDE                    Date: September 10, 2024
Title: Trustees of the Operating Engineers Pension Trust *et al* v. Classic Street Sweeping LLC

---

**2024,** all records, lists, evidence, and documents relevant to an audit covering the period of April 2023 to present.  The court **RETAINS** jurisdiction over this case as to Defendant's compliance with the injunctive relief granted in this Order.  *Bd. of Trustees of the Laborers Health & Welfare Tr. Fund for N. California v. Montes Bros. Constr.*, 2014 WL 5768580, at *5 (N.D. Cal. Nov. 5, 2014) ("Plaintiffs also ask the Court to retain jurisdiction over this case with regard to any contributions and damages determined to be owed to the Plaintiffs after the audit has been completed and the monthly contribution reports provided. Courts of this district have found such action appropriate.") (citing cases); *Walters v. Shaw/Guehnemann Corp.*, 2004 WL 1465721, at *4 (N.D. Cal. Apr. 15, 2004) ("This Court retains jurisdiction over this case with regard to contributions and damages determined owed to plaintiffs during the audit.")  Plaintiffs are **ORDERED** to serve this Order on Defendants and shall file a proof of service with the Court within **seven (7) days** from the date of this Order.

The court will issue a judgment consistent with this Order.

Initials of Deputy Clerk:  mku

---

**CIVIL MINUTES – GENERAL**                                                                 **27**